UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES ROTH,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>COLETTE GOGUEN,<br><br>　　　　　　Respondent. | CIVIL ACTION<br>NO. 4:17-cv-40077-TSH |

## REPORT AND RECOMMENDATION

**January 9, 2018**

Hennessy, M.J.

　　This habeas corpus petition was referred to me for a Report and Recommendation on Respondent Colette Goguen's motion to dismiss. See Docket #11 (motion to dismiss); Docket #15 (order of reference). Petitioner James Roth opposes the motion. See Docket #14. Having considered the parties' filings, for the reasons that follow, I find this habeas corpus petition untimely and therefore RECOMMEND that the Court GRANT Respondent's motion to dismiss.

I.　　BACKGROUND

　　Petitioner is a prisoner in Massachusetts state custody; he therefore filed this habeas action pursuant to 28 U.S.C. § 2254. See Docket #1. Respondent is the Superintendent of the North Central Correctional Institute in Gardner, Massachusetts, the facility in which Petitioner presently is imprisoned.

1

In 2010, Petitioner was convicted in Massachusetts state court of statutory rape and dissemination of obscene matter to a minor. Docket #12 at 1; see Docket #12-1 at 3.[1] He was sentenced to an indeterminate prison term of fifteen to twenty years followed by sex offender registration and five years of supervised probation. Docket #12-1 at 8. He timely filed a direct appeal of his conviction to the Massachusetts Appeals Court (the "MAC"), and the appeal was docketed on June 15, 2011. Id. at 12. The MAC affirmed Petitioner's conviction on September 26, 2012. Id. at 13. Petitioner then submitted to the Massachusetts Supreme Judicial Court (the "SJC") an application for leave to obtain further appellate review (an "ALOFAR"), which the SJC denied on November 28, 2012. Id. at 17. Petitioner did not seek U.S. Supreme Court review of the SJC's decision. Docket #12 at 2.

Having failed to obtain relief on direct review, Petitioner then challenged his conviction collaterally in the Massachusetts courts. To wit, he submitted a motion for a new trial to the Massachusetts Superior Court on July 8, 2013. See Docket #12-1 at 9. That motion was denied on August 23, 2013. See id. at 10. Massachusetts Rule of Appellate Procedure 4(b) afforded Petitioner thirty days from the date of that denial to file an appeal. Petitioner failed to meet that deadline. Instead, on March 17, 2014, he moved a single justice of the MAC for leave to file a late appeal. See id. at 18. That motion was granted the next day. See id. Petitioner then filed a notice of appeal on March 28, 2014. See id. at 10. On September 30, 2016, the MAC affirmed the Superior Court's denial of a new trial. See id. at 35. Petitioner again filed an ALOFAR to the SJC, and that application was denied on January 26, 2017. See id. at 40. The SJC then denied reconsideration of that denial on March 6, 2017. See id.

---

[1] Citations to Docket #12-1 reflect the page numbers assigned by the Court's ECF system, not Respondent's Bates stamps.

His state-court collateral challenge having failed, Petitioner next filed the instant petition on May 12, 2017.[2] While the allegations contained in the petition itself—which are set forth in an extensive series of cross-references—are unclear, Petitioner's accompanying memorandum of law alleges six errors by the trial judge. See Docket #3 at 4-5.[3] In lieu of a return, Respondent filed the present motion to dismiss, Docket #11, along with a supporting memorandum of law, Docket #12. Respondent argues that the petition should be dismissed because it is time-barred and fails to adequately state any grounds for relief.[4]

---

[2] The petition is dated May 12, 2017 and was docketed by this Court six days later.

[3] I do not address the substance of these claims because I find that the petition is time-barred. The claims recited in Petitioner's legal memorandum are:

> Ground One: Whether the trial judge erred when concluding that a hearing on defendant's motions to dismiss w[as] unnecessary[,] and by denying defendant's motion[s] for discovery and for appointment of counsel;
>
> Ground Two: Whether the trial judge erred when concluding that appellate counsel was not ineffective for not raising the preserved issue that the trial judge had erred by allowing the Commonwealth to subsequently amend the indictments during trial, which prejudiced the defendant and altered the work of the grand jury;
>
> Ground Three: Whether the trial judge erred by concluding the defendant's right to a speedy trial was not violated by trial counsel's failure to timely object to a continuance that was not otherwise excludable from the speedy trial clock and by i[m]pliclty ruling th[at] appellate counsel was not ineffective for not raising a claim of ineffectiveness o[f] trial counsel;
>
> Ground Four: Whether the trial judge erred when concluding that a substantial risk of a miscarriage of justice had not occurred when the trial judge failed to conduct a voir dire of the first complaint witness in violation of the court's prior order that required that voir dire, which then relieved the prosecution of their burden of proof to provide adequate evidence of corroboration and credibility of the complaint;
>
> Ground Five: Whether the trial judge erred when concluding that the defendant was not denied effective assistance of trial counsel when counsel failed to request a hearing and evaluation into defendant's competence to stand trial and to be able to validly waive his constitutional rights at trial and by concluding that appellate counsel was not ineffective for not raising this issue on direct appeal; and
>
> Ground Six: Whether the trial judge erred when concluding that the Defendant's state and federal constitutional right not to testify was not violated when his trial counsel pressured him into testifying through misleading and deceptive tactics in violation of [the] Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article Twelve of the Massachusetts Declaration of Rights.

Docket #3 at 4-5.

[4] Because I find the petition untimely, I do not address Respondent's argument that the petition fails to state a claim.

II.     STANDARD

An untimely habeas corpus petition is subject to dismissal. See, e.g., Lattimore v. Dubois, 311 F.3d 46, 53-54 (1st Cir. 2002) (dismissing as untimely a state prisoner's habeas corpus petition filed one day after the limitations period expired). Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which governs here, imposes a one-year limitations period on habeas claims. See 28 U.S.C. § 2244(d)(1). That statute requires a petitioner to file his or her federal habeas corpus petition within one year of "the date on which the judgment [in his or her case] became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[5]

One of two exceptions to the general rule requiring dismissal of untimely petitions is set forth in section 2244(d)(2) of the AEDPA, which provides for statutory tolling. Pursuant to that provision, the one-year limitations period is tolled—in other words, suspended—while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). Whether a petitioner's state-court filing was "properly filed" is a matter of state law. See, e.g., Mayne v. Hall, 122 F. Supp. 2d 86, 91-92 (D. Mass. 2000) (collecting cases).

Another exception, articulated in case law, to the one-year limitations period is equitable tolling. Holland v. Florida, 560 U.S. 631, 634 (2010). Invocation of this exception requires a showing of "extraordinary circumstances." E.g., Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)). Namely, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[5] The statute also sets forth three other potential triggering dates for the one-year limitations period. See 28 U.S.C. § 2244(d)(1)(B)-(D). Respondent has persuasively argued that none of those three dates applies in this case, see Docket #12 at 4-5 & n.4, and Petitioner has not contended otherwise.

4

circumstance stood in his way and prevented timely filing." Id. (quoting Holland, 560 U.S. at 649). The petitioner's showing must rise above "a garden variety claim of excusable neglect." E.g., id. (quoting Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990)).

III. ANALYSIS

I find this petition untimely under section 2244. First, Petitioner filed it more than one year after his conviction became final. Second, even with the benefit of statutory tolling, Petitioner still did not file this action within the one-year limitations period. Third, Petitioner has not shown he is entitled to equitable tolling. I therefore recommend dismissal.

A. The One-Year Limitations Period

The first step in calculating this petition's timeliness is to identify the date when Petitioner's underlying conviction became "final" pursuant to 28 U.S.C. § 2244(d)(1). Applying the law set forth above, Petitioner's conviction became final in this case when direct review concluded or Petitioner's time for seeking direct review expired. See 28 U.S.C. § 2244(d)(1)(A). Materials appended to Respondent's motion to dismiss indicate that the SJC denied Petitioner's direct-review ALOFAR on November 28, 2012. See Docket #12-1 at 17. Although Petitioner did not file a petition for certiorari with the U.S. Supreme Court, Supreme Court rules afforded Petitioner ninety days from the SJC's denial of that ALOFAR in which to do so. See Sup. Ct. R. 13.1, 13.3; see also, e.g., Voravongsa v. Wall, 349 F.3d 1, 2 (1st Cir. 2003). Thus, Petitioner's one-year limitations period began once this ninety-day period expired, i.e., on February 27, 2013. But Petitioner did not file the instant petition until May 2017—more than four years later. See Docket #1.

Because the statutory one-year deadline was not satisfied, this action is untimely unless statutory or equitable tolling brings the petition's filing date within the one-year limitations

period. Petitioner's opposition suggests as much, noting (without elaboration) that the one-year limitations period is "subject to a statutory tolling mechanism." Docket #14 at 9. I now turn to that subject.

    B.    Statutory Tolling

Section 2244(d)(2) of the AEDPA instructs that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period. 28 U.S.C. § 2244(d)(2). This statutory tolling mechanism applies to time during which Petitioner's collateral appeal of his criminal conviction was moving through the Massachusetts courts. Here, I find that even with statutory tolling applied, the one-year limitations period expired before Petitioner filed the instant petition.

I proceed chronologically. For clarity, I list relevant dates or time periods and events before analyzing each listed development in turn.

| Date(s) | Event | Length/Effect |
|---|---|---|
| Feb. 26, 2013 | Petitioner's direct appeal concludes | One-year limitations period begins |
| Feb. 27, 2013– July 7, 2013 | Petitioner takes no relevant action | 131 days – not tolled |

First, Petitioner's direct appeal concluded on February 26, 2013, when his time to seek Supreme Court review of the SJC's denial of his direct-review ALOFAR expired. Petitioner took no relevant action in his case from February 27, 2013—i.e., upon the conclusion of his direct appeal—through July 7, 2013, the day before he moved the Superior Court for a new trial.

Docket #12-1 at 9.  I find that those 131 days of inaction count against the one-year limitations period.[6]

| Date(s) | Event | Length/Effect |
|---|---|---|
| July 8, 2013 | Petitioner moves Superior Court for new trial | Tolling begins |
| Aug. 23, 2013 | Superior Court denies motion for new trial | (Tolling continues) |
| Sept. 21, 2013 | Deadline to timely appeal denial of new trial expires; Petitioner takes no action | Tolling ends |
| Sept. 22, 2013-Mar. 16, 2014 | Petitioner takes no relevant action | 176 days – not tolled |
| Mar. 17, 2014 | Petitioner moves for leave to file late collateral appeal | 1 day – not tolled |
| Mar. 18, 2014 | MAC Justice grants Petitioner's motion to file late collateral appeal | 1 day – not tolled |
| Mar. 19, 2014-Mar. 27, 2014 | Petitioner takes no relevant action | 9 days – not tolled |
| Mar. 28, 2014 | Petitioner files late notice of collateral appeal | Tolling begins |

Next, as Respondent concedes, the limitations period was tolled when Petitioner filed a motion for a new trial on July 8, 2013.  See Docket #12 at 7.  Respondent contends that the one-year limitations period "resumed when the Superior Court denied the motion" and then continued running "for at least another 206 days," when Petitioner filed a late notice of appeal to

---

[6] Petitioner filed motions for free transcripts on May 28, 2013 and June 17, 2013.  Docket #12-1 at 9.  Those motions do not trigger statutory tolling here.  See Boyce v. Massachusetts, No. 12-cv-30161-MAP, 2013 WL 3733474 (D. Mass. July 12, 2013) (citing Kholi v. Wall, 582 F.3d 147, 151 (1st Cir. 2009)); see also Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) ("[I]f a filing . . . [regarding discovery] could toll the AEDPA limitations period, prisoners could substantively extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions.").

7

a single justice of the MAC on March 17, 2014.  Id.  Adding these 206 days to the days Petitioner lost after his direct appeal ran its course, Respondent submits that a total of "at least 338" countable days had passed by the time Petitioner filed his late collateral appeal.[7]  See id.

I reject a portion of Respondent's analysis.  Contrary to Respondent's contention, I find that the period during which Petitioner could have timely appealed the Superior Court's denial of his motion for a new trial—here, August 24, 2013 through September 21, 2013—is tolled and not chargeable against the one-year limitations period.

In Currie v. Matesanz, 281 F.3d 261 (1st Cir. 2002), the First Circuit, in dicta, recognized a circuit split regarding how to apply statutory tolling when a petitioner has filed a late state-court collateral appeal.  Id. at 269 n.8 (describing this circuit split and "express[ing] no view" on the question).  There, after finding the petitioner's collateral appeal timely, see id. at 266, 272, the court "join[ed] our sister circuits in holding that an application for post-conviction relief is pending 'from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures,'" id. at 263 (quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999)).  As the First Circuit explained, in the circuits that it explicitly "join[ed]," when a petitioner files an untimely application for post-conviction review, only "the interval between the end of the prescribed appeal period and the filing of the untimely appeal" counts against the limitations period.  Id. (footnote omitted); see Drew v. MacEachern, 620 F.3d 16, 21-22 (1st Cir. 2010) (collecting cases).[8]  In addition to this analysis in Currie, the First

---

[7] Respondent mistakenly calculated that 132 countable days passed after Petitioner's direct appeal concluded. Docket #12 at 6.  In fact, 131 such days elapsed.

[8] The Fourth, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits all apply this rule.  See Drew v. MacEachern, 620 F.3d 16, 21-22 (1st Cir. 2010) (collecting cases); Currie v. Matesanz, 281 F.3d 261, 269 (1st Cir. 2002) (collecting cases); see also, e.g., Williams v. Gibson, 237 F.3d 1267 (10th Cir. 2001) (quoting Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001) (citing Fernandez v. Sternes, 227 F.3d 977 (7th Cir. 2000); Klinger, 232 F.3d 799; and Saffold v. Newland, 224 F.3d 1087 (9th Cir. 2000)) (holding in accord

Circuit also noted with approval in Drew v. MacEachern, 620 F.3d 16 (1st Cir. 2010), that "[a] majority of federal courts of appeals have held that an untimely application for post-conviction relief that a state court reopens is not 'pending' under § 2244(d)(2) 'between the expiration of the time for appeal and the filing of a petition for belated appeal.'" Id. at 21-22 (collecting cases).

District Courts within this circuit have since cited Currie and Drew for the proposition that a state prisoner who files a late collateral appeal benefits from statutory tolling during the time when the appeal could have been timely filed. See Santiago v. Maine, No. 1:12-CV-00339-GZS, 2013 WL 2435293, at *3 (D. Me. June 4, 2013) (quoting Drew, 620 F.3d at 20-22) ("The time during which an application [triggers statutory tolling] . . . does not include the period 'between the expiration of the time for appeal and the filing of a petition for a belated appeal' in cases in which the state court reopens post-conviction review based on an untimely application."); Bowen v. Warden, N.H. State Prison, No. 10-CV-542-SM, 2012 WL 2947603, at *3-4 (D.N.H. June 21, 2012), report and recommendation adopted sub nom. Bowen v. N.H. State Prison, Warden, No. 10-CV-542-SM, 2012 WL 2945980 (D.N.H. July 18, 2012) (first quoting Drew, 620 F.3d at 21; then quoting Currie, 281 F.3d at 266) (further quotations and citations omitted) (finding, where the petitioner filed a late state-court collateral appeal, that statutory tolling applied to the period when the appeal could have been, but was not, timely filed); see also Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012) (quoting Drew, 620 F.3d at 21 (quoting Currie, 281 F.3d at 263)) ("'[A]n application for [state] post-conviction relief is pending from the

---

with the Seventh and Tenth Circuits that applications for post-conviction relief remain pending until "the statutory period to appeal expire[s]").

    The Ninth Circuit uses a different approach more favorable to habeas petitioners. The First Circuit has described the Ninth Circuit's rule as follows: "[W]henever a state appellate court reaches the merits of an untimely appeal, the original application for post-conviction relief will be deemed to have been pending from the date it was first filed in the trial court." Currie, 281 F.3d at 269 n.10 (citing Saffold v. Newland, 250 F.3d 1262 (9th Cir. 2001), vacated sub nom. Carey v. Saffold, 536 U.S. 214 (2002)). Under this approach, none of the time between July 8, 2013, when Petitioner moved the Superior Court for a new trial, and January 26, 2017, when the SJC denied Petitioner's post-conviction ALOFAR, would count against Petitioner's one-year limitations period.

9

time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures.'" (second and third alterations in original)).

In light of this precedent, I find that the one-year limitations period was tolled during the thirty days when Petitioner could have timely filed his collateral appeal in state court.[9] In addition, I am persuaded by the reasoning of the courts that have adopted this interpretation of the AEDPA's tolling provision. As the Tenth Circuit noted in Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000), the "AEDPA strongly encourages petitioners to exhaust state court remedies before seeking federal habeas review. A definition of 'pending' that encompasses statutory grace periods for appeal furthers [the] AEDPA's objective of state remedy exhaustion by tolling the limitations period for the entire period during which a petitioner could pursue a state appeal." Id. at 804 (citing 28 U.S.C. § 2254(b)(1)(A)). Accordingly, I find that the limitations period resumed running thirty days after the Superior Court denied Petitioner's motion for a new trial on August 23, 2013, see Docket #12-1 at 10—i.e., on September 22, 2013.[10]

The next relevant event in Petitioner's post-conviction appeal occurred on March 28, 2014, when Petitioner filed a (late) notice of appeal of the Superior Court's denial of a new trial.

---

[9] Respondent cites several cases in support of her argument that statutory tolling should not apply to the period when Petitioner could have timely filed his collateral appeal. See Docket #12 at 8-9 n.9. Those citations are inapposite. Several address unrelated legal questions. See Evans v. Chavis, 546 U.S. 189, 195-98 (2006) (holding that the Ninth Circuit used flawed reasoning to find that the California Supreme Court dismissed the petitioner's collateral appeal on the merits and remanding the case for reconsideration); Lawrence v. Florida, 549 U.S. 327, 329 (2007) (deciding "whether a state application is still 'pending' when the state courts have entered a final judgment on the matter but a petition for certiorari has been filed in [the Supreme] Court"); David v. Hall, 318 F.3d 343, 344-45 (1st Cir. 2003) (answering the same question as Lawrence before Lawrence was decided). Another addresses a petitioner who filed no collateral appeal at all—unlike Petitioner here, who filed a late collateral appeal after receiving leave of court to do so. See Quatrine v. Berghuis, No. 14-1323, 2016 WL 1457878, at *2 (6th Cir. Apr. 12, 2016) (unpublished) (noting that the petitioner "did not file a timely appeal, or any appeal at all" and stating, "[T]he fact remains that [Petitioner] did not file appeals from those orders"). Finally, in Respondent's final citation, Currie v. Matesanz, 281 F.3d 261 (1st Cir. 2002), the petitioner filed a timely collateral appeal. See id. at 271-72 (finding the petitioner's collateral appeal timely and distinguishing "cases involving untimely appeals," which "reach a different result precisely because the appeals in question were filed after the statutorily allotted period for review"). Here, however, Petitioner filed a collateral appeal after the deadline to do so expired.

[10] Notably, I would find this petition untimely whether or not Petitioner benefitted from statutory tolling during the thirty days when he could have timely filed his collateral appeal.

See Docket #12-1 at 10.  I find that on that date, statutory tolling once again suspended the one-year limitations period.  See, e.g., Currie, 281 F.3d at 269 (citations omitted) (explaining that statutory tolling "may be 'resuscitated' if the state courts [later] agree to hear an untimely appeal"); Melancon 259 F.3d at 406 (5th Cir. 2001) (citing Fernandez, 227 F.3d 977; Gibson, 232 F.3d 799; and Saffold, 224 F.3d 1087) (holding that in instances of untimely collateral appeals, "tolling can begin again when an application is properly filed").  But see Saffold v. Newland, 250 F.3d 1262, 1267 (9th Cir. 2000), vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214 (2002)).[11]  I therefore find that the 187 days from September 22, 2013—which is the day after Petitioner's time to appeal from the Superior Court's denial of a new trial expired—to March 28, 2014—the day before Petitioner triggered statutory tolling by filing his late notice of appeal to the MAC—are chargeable against Petitioner's one-year limitations period.  Adding that number to the 131 chargeable days that transpired after the denial of Plaintiff's direct appeal, I find that by the time Petitioner filed his post-conviction appeal on March 28, 2014, a total of 318 days chargeable against the one-year limitations period had passed.  As of that date, Plaintiff had forty-seven countable days left in which to file this petition.

| Date(s) | Event | Length/Effect |
|---|---|---|
| Mar. 6, 2017 | SJC denies reconsideration of its denial of Petitioner's collateral-review ALOFAR | Tolling ends |

---

[11] Respondent urges that Petitioner's notice of appeal of the Superior Court's denial of his motion for a new trial—not his procedural motion for leave to file that notice of appeal out-of-time—is the event that triggered statutory tolling during this phase of Petitioner's post-conviction litigation.  See Docket #12 at 7 & n.7.  Petitioner filed his motion for leave to enter a late appeal on March 17, 2014, Docket #12-1 at 18, and filed his notice of appeal eleven days later, on March 28, 2014, id. at 10.  Precedent appears to support Respondent's position on this issue.  See, e.g., Currie, 281 F.3d at 269 (1st Cir. 2002) (noting that in instances of late appeals, most circuits toll the limitations period at the time of "the filing of the untimely appeal").  In any case, even if this question were resolved in Petitioner's favor, I still would find that the petition is untimely.

| Mar. 7, 2017-May 11, 2017 | Petitioner takes no relevant action | 66 days – not tolled |
|---|---|---|
| Apr. 24, 2017[12] | AEDPA one-year limitations period expires | |
| May 12, 2017 | Petitioner files instant petition | |
| June 4, 2017 | Petitioner's time to seek U.S. Supreme Court review of SJC's denial of collateral-review ALOFAR expires | (No effect) |

Respondent concedes that the one-year limitations period remained tolled while the Massachusetts courts considered Petitioner's post-conviction application. Respondent argues that the limitations period began running again when the SJC denied reconsideration of Petitioner's collateral-review ALOFAR on March 6, 2017—not when Petitioner's time to seek U.S. Supreme Court review of that decision expired. See Docket ##12 at 9; 12-1 at 40. This analysis is correct. Although Petitioner does benefit from statutory tolling during the period when he could have sought certiorari from the U.S. Supreme Court in his direct appeal, statutory tolling does not apply to the period for petitioning for Supreme Court review in a state prisoner's collateral appeal. Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("Read naturally, the text of [the AEDPA's statutory tolling provision] must mean that the statute of limitations is tolled only while state courts review the application." (emphasis added)). A petition for a writ of certiorari from the U.S. Supreme Court in a petitioner's collateral state-court appeal is not an "application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2) (emphasis added),

---

[12] The limitations period mathematically expired on April 22, 2017. Because that day was a Saturday, the deadline shifted to the following business day—Monday, April 24, 2017. See Fed. R. Civ. Pro. 6(a)(1)(B), (C). This does not impact the timeliness of Petitioner's petition.

and thus does not trigger statutory tolling. I therefore find that statutory tolling ceased after the SJC completed its review of Petitioner's collateral appeal on March 6, 2017.

This means that the time from March 7, 2017 until the filing of the instant petition counts against the one-year limitations period. Applying the "prison mailbox rule," see Houston v. Lack, 487 U.S. 266, 270-76 (1988), I find that Petitioner filed the instant petition when he placed it in the mail on May 15, 2017, i.e., sixty-nine days after March 6, 2017. See Docket #3 at 18 (certificate of service dated May 15, 2017). But Petitioner only had forty-seven days left once his post-conviction ALOFAR was denied. His petition was filed twenty-two days too late.

In sum, I find that the AEDPA's one-year limitations period expired before this action was filed. Because statutory tolling does not render this petition timely, the petition cannot survive unless Petitioner sufficiently benefits from equitable tolling. I now briefly address this final issue.

    C.    Equitable Tolling

As discussed above, the one-year limitations period can be tolled on equitable grounds. Petitioner's filings do not explicitly mention or invoke equitable tolling; but Petitioner has filed this petition pro se, so I construe his filings liberally in order to effect justice. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). For this reason, I will consider whether equitable tolling applies in this case.

In order to benefit from equitable tolling, Petitioner must satisfy the burden of showing, among other things, "that some extraordinary circumstance stood in his way and prevented timely filing." Riva, 615 F.3d at 39 (quoting Holland, 560 U.S. at 649 (2010)) (citing Trapp, 479 F.3d at 61). I find that Petitioner has made no such showing. Petitioner's submissions describe the substance of his underlying habeas corpus claims and recite the numerous procedural

obstacles he encountered while exhausting his claims in state court. See generally Docket ##1, 3, 14. But these are ordinary procedural requirements that any state prisoner must satisfy before pursuing a habeas corpus petition in federal court. Petitioner has offered no explanation for his delay in filing the instant petition, nor has Petitioner referenced any facts indicating that any circumstance, extraordinary or otherwise, may have prevented him from satisfying the AEDPA's strict filing deadline. See generally Docket ##1, 3, 14. On this record, I find that the type of "rare and exceptional" circumstances in which equitable tolling is appropriate, Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012), are lacking. I therefore find that Petitioner does not qualify for equitable tolling.

## Conclusion

I find this petition untimely and therefore RECOMMEND that Respondent's motion to dismiss, Docket #11, be GRANTED.[13]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[13] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2). The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See, e.g., Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).